**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **STEPHANIE BRYSON,** | § | |
| | § | |
| | § | **Civil Action No.:** |
| Plaintiff, | § | |
| | § | **4:21-cv-00050** |
| **v.** | § | |
| | § | |
| **REWARD ZONE USA, LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## COMPLAINT

STEPHANIE BRYSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against REWARD ZONE USA, LLC ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4.     Plaintiff is a natural person, who resides in Fort Worth, Texas 76108.

5.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6.      Defendant is a corporation with its headquarters located at 128 Court Street, 3rd Floor, White Plains, NY 10601 and can be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.      Defendant sent unsolicited text messages to Plaintiff on her personal cellular telephone ending in 9471 on the following dates: September 9, 2020, September 13, 2020, September 16, 2020 and September 17, 2020.

10.     Plaintiff has only used the number ending in 9471 as a personal cellular telephone.

11.     Plaintiff did not consent to these text messages.

12.     Plaintiff has been on the Do Not Call registry since June 2013.

13.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.     Defendant's text messages were not made for "emergency purposes".

15.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## Defendant Violated the TCPA 47 U.S.C. § 227(b)

16.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

2

17.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24.     The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25.     The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26.     Defendant's text messages were not made for "emergency purposes."

27.     Defendant's text messages to Plaintiff's cellular telephone without any prior express consent.

28.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since June 2013.

29.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## Defendant Violated the TCPA 47 U.S.C. § 227(C)

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since June 2013.

35.     Defendant texted Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Stephanie Bryson,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C));

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C));

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

g. Any other relief this Honorable Court deems appropriate.


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STEPHANIE BRYSON, demands a jury trial in this case.

5

Respectfully submitted;

DATED:  January 14, 2021                  By:  /s/ Amy Lynn Bennecoff Ginsburg
                                               Amy Lynn Bennecoff Ginsburg
                                               Kimmel & Silverman, P.C.
                                               30 E. Butler Pike
                                               Ambler, PA 19002
                                               Phone: (215) 540-8888
                                               Fax: (877) 788-2864
                                               Email: teamkimmel@creditlaw.com